**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
**Landmark Legal Group™**
623 West Hays Street
Boise, ID  83702
Telephone:  (208) 489-8989
Facsimile:  (208) 489-8988
Email:  eric@jonesandswartzlaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEROFIM MUROFF, an Idaho Citizen; MONTANA STATE GOLD COMPANY, LLC, and Idaho Limited Liability Company; IDAHO STATE GOLD COMPANY II, LLC, a Idaho Limited Liability Company; and HIGHLAND MINING, LLC, an Idaho limited liability company, GOLDEN SUNSET TRAIL MONTANA INC., a Montana corporation; and BRIMSTONE MINING, INC., a Montana corporation<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION, individually as a federal agency and through its Chairman, JAY CLAYTON; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, individually and through its Director, LEE CISSNA, collectively serving as a component of the United States Department of Homeland Security, a federal agency; QUARTZBURG GOLD, L.P., an Idaho Limited Partnerships; ISR CAPITAL, LLC, an Idaho Limited Liability Company; IDAHO STATE REGIONAL CENTER, LLC, an Idaho Limited Liability Company; IMMIGRANT CONCIERGE SERVICES, LLC, an Idaho Limited Liability Company; E3 REALTY ADVISORS, INC., a | Case No. 1:18-cv-133<br><br>**ACTION FOR DECLARATORY JUDGMENT** |

ACTION FOR DECLARATORY JUDGMENT – 1

| California Corporation |
| Defendants. |

COMES NOW Plaintiffs by and through their counsel of record, Eric B. Swartz, of Jones & Swartz PLLC'S Landmark Legal Group™, and plead and aver as follows:

## PARTIES

1. Plaintiff Serofim Muroff ("Muroff") is an Idaho citizen and consenting party to that certain judgment entered in *Securities Exchange Commission v. Serofim Muroff, et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL, and is Managing Member of Montana State Gold Company, LLC, an Idaho limited liability company ("MSGC"); Idaho State Gold Company II, LLC, an Idaho limited liability company ("ISGC II"); Highland Mining, LLC, an Idaho limited liability company ("Highland"), and as President and Chief Executive Officer of Golden Sunset Trail Montana Inc., a Montana corporation ("Golden Sunset") and Brimstone Mining, Inc., a Montana corporation ("Brimstone").

2. Defendant United States Securities and Exchange Commission ("SEC"), individually as a federal agency and through its Chairman, Jay Clayton is also a consenting party to that certain Judgment entered in *Securities Exchange Commission v. Serofim Muroff, et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL.

3. Defendant United States Citizenship and Immigration Services ("USCIS"), individually and through its Director, Lee Cissna, collectively serving as a component of the United States Department of Homeland Security, is a federal agency on behalf of whom SEC acts to enforce USCIS rules and regulations related to the EB-5 Immigrant Investor Program administered by USCIS ("EB-5 Program").

4. Quartzburg Gold, L.P., ("Quartzburg") is an Idaho Limited Partnership and

ACTION FOR DECLARATORY JUDGMENT – 2

consenting party to that certain judgment entered in *Securities Exchange Commission v. Serofim Muroff, et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL. Quartzburg is also a EB-5 Program project sponsored by Idaho State Regional Center, LLC, which is authorized by USCIS to sponsor EB-5 Program projects.

5. ISR Capital, LLC ("ISR Capital") is an Idaho limited liability company and serves as the General Partner of Quartzburg and is a consenting party to that certain judgment entered in *Securities Exchange Commission v. Serofim Muroff et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL.

6. Idaho State Regional Center, LLC ("Regional Center") is an Idaho limited liability company and the sponsoring Regional Center of Quartzburg and its project designed to create jobs that will qualify foreign investors for residency in the United States through the EB-5 Program overseen by USCIS with enforcement support by SEC.

7. Brian Dickens, through Immigrant Concierge Services, LLC, an Idaho limited liability company, that has been found the SEC as being not unacceptable to serve as an Independent Manager of ISR Capital and Quartzburg as called for in that certain Judgment entered in *Securities Exchange Commission v. Serofim Muroff, et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL ("Independent Manager").

8. Krista Freitag, through E3 Realty Advisors, Inc., a California Corporation that has been found the SEC as being not unacceptable to serve as a Monitor of ISR Capital and Quartzburg as called for in that certain Judgment entered in *Securities Exchange Commission v. Serofim Muroff, et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL ("Monitor").

## VENUE AND JURISDICTION

9. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), 2201.

10. Venue is proper pursuant to 28 U.S.C. §§1391(d) and 1402(a).

## SUMMARY OF CONTROVERSY AND RIGHTS TO BE DETERMINED

11. SEC, USCIS, Independent Manager, and Monitor are requesting Muroff to transfer control and ownership of MSGC, ISGC II, Highland, Golden Sunset, and Brimstone by conveying such ownership and associated assets to Monitor and Independent Manager controlled companies, ISR Capital and Quartzburg ("Roll Up").

12. Plaintiffs are willing to cooperate with SEC, USCIS, Independent Manager, and Monitor's direction for the Roll Up, but must first ensure that the Roll Up does not violate that certain Judgment entered in *Securities Exchange Commission v. Serofim Muroff et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL ("Judgment"), which provides, in part, that Quartzburg and ISR Capital be operated to protect investors' pursuit of residency in the United States in compliance with the laws, rules and regulations of the USCIS:

> Monitor will oversee the management and activities of Blackhawk Manager and ISR Capital, in their management of Blackhawk Gold, LLC and Quartzburg Gold, LLC (together, the "Funds"), and serve to protect the interests of the investors who have purchased securities in the Funds through Defendants in connection with the EB-5 Immigrant Investor Program ("Investors") as Blackhawk Manager, ISR Capital, and the Independent Manager endeavor to operate the job-creating businesses and work with the Investors to advance their EB-5 petitions in compliance with the laws, rules and regulations of the United States Customs [sic] and Immigration Services ("USCIS").

(*Securities Exchange Commission v. Serofim Muroff et al.*, in the United States District Court for the District of Idaho, Case No. 1:17-cv-00180-EJL).

13. Muroff has asked SEC, USCIS, Independent Manager, and Monitor for guidance

on how they want Muroff to accomplish the Roll Up to ensure that the Roll Up does not violate the Judgment or jeopardize Investors' petitions for citizenship, and SEC, USCIS, Independent Manager, and Monitor have yet to provide any guidance while still requesting the Roll Up.

14. All the parties to this action wish to see the Roll Up accomplished, but lack declaration of rights as to the effect of the Roll Up, which is necessary to ensure that the Roll Up does not violate the Judgment, USCIS rules and regulation, or jeopardize Investors' petitions for citizenship.

15. Separate and apart from the Roll Up, Independent Manager is lacking in affirmative proof of authority to act as Independent Manager, which is substantially prejudicing its ability to operate the job-creating businesses and work with the Investors to advance their EB-5 petitions in compliance with the laws, rules and regulations of the USCIS.

16. Independent Manager has requested proof of authority from SEC, and has received none.

17. Muroff seeks a judicial determination that Independent Manager is designated by the SEC with full authority to operate the job-creating businesses and working with the Investors to advance their EB-5 petitions in compliance with the laws, rules and regulations of the USCIS.

18. Independent Manager is in need of such designation to demonstrate authority to operate job-creating businesses and work with the Investors to advance their EB-5 petitions in compliance with the laws, rules and regulations of the USCIS.

## FACTUAL BACKGROUND

19. On or about May 15, 2014, SEC, independently and as the investigative and enforcement arm of USCIS, commenced a private investigation into the Regional Center and its two sponsored EB-5 projects: Blackhawk Gold and Quartzburg to determine whether any persons

or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices that are possible violations of Sections 5(a) and (c) and 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

20. Muroff was the owner of the Regional Center, and a part owner of Blackhawk Gold and its related entities and ISR Capital, the General Partner of Quartzburg, and entities related to the Quartzburg project.

21. Muroff was to operate the Blackhawk Gold and Quartzburg projects in a manner that resulted in foreign investors' capital placed into the projects creating jobs in the United States.

22. The investment scheme is part of USCIS' administered EB-5 Program whereby foreign investors can become United States residents by investing in job creating enterprises in the United States.

23. Muroff was successful with making the Blackhawk Gold project qualify independently-qualifying investors for residency in the United States. As a result, the approximately 113 families who invested in Blackhawk Gold are eligible for residency because their investment created jobs in the United States.

24. The Quartzburg project's qualifications remain uncertain. On or about, February 2015, USCIS began issuing determinations to EB-5 Program investors in the Quartzburg project, finding that the Quartzburg project did not meet eligible criteria.

25. On March 10, 2017, the United States District Court for the District of Columbia, in *John Doe v. USICS*, Civil Action No. 15-273 (CKK), found that USCIS arbitrarily and capriciously denied the Quartzburg project's eligibility.

26. As of this filing, the Quartzburg project's eligibility is back before USCIS for adjudication.

27. On April 28, 2017, and after about 35 months of investigation efforts by the SEC, the SEC and Muroff, Blackhawk Gold, LLC, Blackhawk Manager, LLC, Quartzburg Gold L.P., and ISR Capital (and others) consented to entry of the Judgment without admitting or denying the allegations of a Complaint filed by SEC against Muroff, Blackhawk Gold, LLC, Blackhawk Manager, LLC, Quartzburg and ISR Capital (and others).

28. On May 10, 2017, Judgment was entered on the Consent by the United States District Court for the District of Idaho.

29. As part of the Judgment, a Monitor and Independent Manager were to be proposed to SEC for consideration and, if not unacceptable to the SEC, the proposed Monitor and Independent Manager would serve from 10 days after entry of Judgment until January 31, 2019, overseeing and reporting on Blackhawk Gold, LLC, Blackhawk Manager, LLC, Quartzburg Gold L.P., and ISR Capital.

30. Following entry of the Judgment SEC, individually and on behalf of USCIS, the Monitor, and the Independent Manager have requested that companies not part of the Judgment, but who received loaned funds as part of the Quartzburg Project ("Downstream Entities") be conveyed to Quartzburg, or some other entity, so that Monitor and Independent Manager have ownership control over the entities and their assets ("Roll Up").

31. The Downstream Entities include MSGC, ISGC II, Highland, Golden Sunset, and Brimstone, all of which are owned and controlled by Muroff.

32. The Downstream Entities own assets including bank accounts, promissory notes, patented mining claims, membership interests in mining companies, and mining equipment. The loaning of money by the Quartzburg Project to the Downstream Entities is the business model of the Quartzburg Project that EB-5 Program investors invested in when choosing to be part of

Quartzburg as limited partner investors.

33. The EB-5 Program administered by USCIS requires, *inter alia*, that there be no "material change" in the project being participated in by foreign investors.

34. If there is a material change in the project – either in business plan, change of ownership, or the like – the USCIS can determine that the project does not qualify and the foreign investors lose their opportunity to become United States residents by participating in the non-qualifying project as an investor.

35. The Quartzburg Project is a 160 foreign investor participant project.

36. Muroff wishes to place the interest of the 160 investors' desire for residency first and wants to confirm that the Roll Up being requested by SEC, USCIS, Monitor, and Independent Manager will not constitute a material change or violate any other USCIS rule or regulation part of the EB-5 Program or the Judgment.

## COUNT I

### DECLARATION THAT ROLL UP WILL ADVANCE QUARTZBURG EB-5 PETITIONS AND NOT VIOLATE USCIS LAWS, RULES AND REGULATIONS

37. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein.

38. SEC, USCIS, Independent Manager, and Monitor are requesting Muroff to accomplish the Roll Up, but will not provide assurances that the Roll Up is consistent with the Judgment and the laws, rules and regulations of the USCIS.

39. Muroff has asked SEC, USCIS, Independent Manager and Monitor for guidance on how they want Muroff to accomplish the Roll Up to ensure that the Roll Up does not violate the Judgment or jeopardize Investors' petitions for citizenship, and SEC, USCIS, Independent Manager and Monitor have yet to provide any guidance while still requesting the Roll Up.

40. While the Judgment obligates Muroff to cooperate, Muroff, individually, and on behalf of the Downstream Entities (who are not part of the Judgment), and as owner of ISR Capital and limited partner with Quartzburg Project EB-5 investors, cannot engage in the Roll Up if the Roll Up threatens Quartzburg Project EB-5 investors' pursuit of residency in the United States.

41. While the Judgment obligates Muroff to cooperate, Muroff, individually, and on behalf of the Downstream Entities (who are not part of the Judgment) cannot engage in the Roll Up if the Roll Up violates the Judgment because, pursuant to the Judgment, such violation could result in Quartzburg project being placed into receivership versus being operated to protect the interests of the investors, create jobs as contemplated by the Quartzburg project, and advance the investors' EB-5 petitions in compliance with the laws, rules and regulations of the USCIS.

42. An actual controversy exists over the effect of the Roll Up, and the procedure for the same, and the parties require the Court to declare the rights and other legal relations of the interested parties.

## COUNT II

### DECLARATION OF INDEPENDENT MANAGER'S APPOINTMENT AND AUTHORITY

43. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein.

44. The Judgment obligates the Independent Manager to protect the interests of the investors, create jobs as contemplated by the Quartzburg Project, and advance the investors' EB-5 petitions in compliance with the laws, rules and regulations of the USCIS, but the Independent Manager is lacking any affirmative authority to act on behalf of Quartzburg and ISR Capital.

45. The Judgment calls for the Independent Manager to be found "not unacceptable" by the SEC. The SEC found the Independent Manager not unacceptable on May 17, 2017, by

email.

46. The Independent Manager is lacking in any affirmative confirmation of its position and authority.

47. The lack of affirmative confirmation of its position and authority is hindering Independent Manager's ability to advance the investors' EB-5 petitions in compliance with the laws, rules and regulations of the USCIS, but the Independent Manager is lacking any affirmative authority to act on behalf of Quartzburg and ISR Capital.

48. The Independent Manager has requested affirmative confirmation of its position and authority from the SEC, and has been denied the same being advised that the Judgment is sufficient.

49. While the Judgment makes reference to an Independent Manager, the Judgment does not reference the Defendant Independent Manager because it was entered before the Independent Manager was found not unacceptable by the SEC.

50. In furtherance of Muroff's cooperation with the objectives set forth in the Judgment, Muroff seeks affirmative confirmation of Independent Manger's position and authority.

51. An actual controversy exists over the affirmative approval of the Independent Manager, and the parties require the Court to declare the rights and other legal relations of the interested parties.

## REQUEST FOR ATTORNEY FEES

Plaintiffs have been forced to retain the services of counsel and incur attorney fees and costs related to the prosecution of this action. Plaintiffs are entitled to recover their reasonable costs and attorney fees incurred pursuant to any and all Federal Rule of Civil Procedure 54 and other applicable state and federal law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court declare the rights and other legal relations of the interested parties as follows:

1. That the Roll Up, and process for the same, does not violate the Judgment, USCIS rules and regulations, or otherwise jeopardize Investors' petitions for citizenship whether as a material change, or otherwise;

2. That Defendant Independent Manager is affirmatively appointed by the SEC as Independent Manager of Quartzburg and ISR Capital to advance the investors' EB-5 petitions in compliance with Judgment or the laws, rules and regulations of the USCIS; and

3. For any and all further relief the Court may deem just, equitable, and proper.

DATED this 22nd day of March, 2018.

                                            JONES & SWARTZ PLLC

                                            By  */s/ Eric B. Swartz*
                                                  ERIC B. SWARTZ
                                                  *Attorneys for Plaintiffs*